UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-03321-MWF (PD)                    Date: May 19, 2020

Title      Glenis E. Logan v. Los Angeles County Sheriff's Department

Present:  The Honorable:   Patricia Donahue, United States Magistrate Judge

|            Isabel Martinez            |                N/A                 |
| ------------------------------------- | ---------------------------------- |
|             Deputy Clerk              |       Court Reporter / Recorder     |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| -------------------------------- | --------------------------------- |
|               N/A                |                N/A                |

**Proceedings:**     (In Chambers) Order to Show Cause Why Plaintiff's Request to
Proceed IFP Should Not Be Denied and Action Dismissed (Doc.
No. 7)

Plaintiff is a state prisoner.  She filed a request to proceed without
prepayment of filing fees ("IFP Request") and a civil rights Complaint against the
Los Angeles County Sheriff's Department alleging a cause of action for negligence
against the night shift staff at the Lynwood jail during her confinement in
September 2007. (Dkt. Nos. 1, 2.)  The Court issued an order denying Plaintiff's IFP
Request with leave to amend.  (Dkt. No. 4.[1])

On May 18, 2020, Plaintiff filed a Certificate of Trust Account, along with a
California state form for a negligence cause of action against Lynwood County Jail,
Century Regional Detention Center, and the Los Angeles County Sheriff's
Department regarding her treatment at the Lynwood jail in September 2007. (Dkt.
No. 7.)  Included in Plaintiff's negligence claim are allegations that her rights under
the First and Eighth Amendments were violated.  (Dkt. No. 7 at 4.)  To the extent
Plaintiff's allegations regarding her treatment at the Lynwood jail in September

---

[1] Plaintiff was advised that to the extent that she would like to file a claim in the Lynwood Strip Search
Settlement, she must mail the claim directly to the administrator. Plaintiff is further advised that the
Court cannot send her letter, filed on April 24, 2020 (Dkt. No. 6), to her daughter, nor can the
Court file it in *Amador v. Baca, et al.*, CV 10-01649-SVW (JEM) (the "Lynwood Strip Search Class
Action").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-03321-MWF (PD)                          Date: May 19, 2020

Title       Glenis E. Logan v. Los Angeles County Sheriff's Department

2007 could be construed as civil rights violations, any claims appear to be untimely.
Section 1983 actions in California federal courts are subject to a two-year statute of
limitations, with up to two years of tolling for imprisonment.  *See Fink v. Shedler*,
192 F.3d 911, 914 (9th Cir. 1999); Cal. Civ. Proc. Code §§ 335.1, 352.1(a). Even
providing Plaintiff the maximum time for statutory tolling based on imprisonment,
her claims would still be untimely by over eight years.  Plaintiff has not provided
any facts to suggest that she would be entitled to any other statutory or equitable
tolling. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) (observing that a complaint is
subject to dismissal for failure to state a claim if the allegations, taken as true,
show that relief is barred by the applicable statute of limitations). Plaintiff has 30
days (by **June 18, 2020**) to explain why her application to proceed without
prepaying the filing fee should not be denied and why this action should not be
dismissed with prejudice on the ground that it is untimely.  If she fails to do so, the
Court will dismiss the case on its own motion.

                                                                   _____
                                                                               :
                                    Initials of Preparer    im